PLANTZ v. IMPERIAL OIL CORP.

Automobiles—Negligence—Imputed Contributory Negligence—Evidence.

> In action by passenger of automobile against owner thereof and owner of two oil trucks for injuries sustained when car collided with rear of one parked truck shortly after vision of plaintiff's driver had been impaired by glare from headlights of other parked truck, evidence *held*, ample to prove negligence of truck owner as well as contributory negligence of plaintiff's driver imputable to plaintiff.

Appeal from Genesee; Parker (James S.), J. Sub mitted April 9, 1936. (Docket No. 41, Calendar No. 38,205.) Decided June 4, 1936.

Case by Edward Plantz against Florence Seaman and Imperial Oil Corporation, a Michigan corporation, for personal injuries sustained when automobile in which plaintiff was riding collided with defendant company's oil truck. Directed verdict and judgment for defendant Seaman. From verdict and judgment for plaintiff against defendant company, it appeals. Reversed, with instructions to enter verdict for defendant.

*William E. Barrett*, for plaintiff.

*Arthur J. Kinnane* (*Burke & Burke*, of counsel), for defendant Imperial Oil Company.

Potter, J. Plaintiff, a resident of Flint, with others, October 25, 1931, started from Flint north on highway M-10 on a hunting trip. At about 2:15 o'clock in the morning, the automobile in which he

was riding, belonging to Miss Seaman and driven by Mr. De Fren, collided with the rear end of defendant's oil truck and plaintiff was seriously and permanently injured. He brought suit and in the circuit court had verdict for $24,154.92, which was reduced by the trial court $12,154.92 and judgment entered for plaintiff against appellant for $12,000. From that judgment defendant appeals.

Plaintiff sued Florence Seaman, the owner of the automobile in which the parties were riding and appellant Imperial Oil Corporation, the owner of the motor truck with which the car in which plaintiff was riding collided. Plaintiff, in his declaration, charged:

"16. That said automobile in which your plaintiff was riding was not driven in a careful and prudent manner, but was driven in a careless and unreasonable manner, it being a fact that said highway is a much-traveled highway and especially so at the time in question, as the fall hunting season was on, and these facts were known to the driver.

"17. That the speed of said automobile which was being driven by defendant Florence Seaman's authority and in which the plaintiff was riding was being driven so fast, to-wit, 45 miles an hour, that it was impossible for the driver of said car to avoid a crash causing sudden death if any object were stationary on the road and same appeared before him at this point, his forward vision being practically shut out by the dazzling lights maintained by the Imperial Oil Corporation's truck, which faced them."

Paragraph 16 of plaintiff's declaration was subsequently, on motion of plaintiff, amended so as to read:

"16. That said automobile in which your plaintiff was riding was not driven in a careful and pru-

dent manner, but was driven in a grossly careless and reckless and unreasonable manner, it being a fact that said highway is a much-traveled highway and especially so at the time in question, as the fall hunting season was on, and these facts were known to the driver.''

Paragraph 22 of plaintiff's declaration alleged:

''22. That the driver of said automobile was negligent, inasmuch as: (a) Said driver, Harold De Fren, knew the traffic was heavy on the said highway and that when he approached the Imperial Oil Corporation's truck, with the dazzling lights, it was practically impossible for him to stop said automobile within the range of his vision, said driver being an experienced driver and fully knew the extreme situation that developed from his careless operation of said automobile. (b) That said driver carelessly and negligently proceeded past the dazzling lights of said Imperial Oil Corporation's truck, when he knew that to meet an object within the range of his vision would be practically fatal to the persons traveling with him, as he would be unable to stop. (c) That the truck with which he collided was but a few feet beyond the truck with the dazzling lights and he crashed into the rear of the Imperial Oil Corporation's truck, parked on the pavement and headed north. (d) That he failed to heed the remonstrances of the plaintiff, asking him to slow up.''

Plaintiff further, in his declaration, charged:

''There were two proximate causes of the said collision and injury:

''First, (a) The driver of the defendant Florence Seaman's car was negligent in the reckless and careless manner in which he proceeded to drive along the highway and in face of the dazzling lights, which prevented him from properly seeing any object ahead of him in time to avoid a collision. (b) The speed at which said driver was proceeding was too great for

him to have said car under control, within the range of his vision.

"The second proximate cause was due to the fact: (a) That one of the Imperial Oil Corporation's trucks, owned and operated by it, was headed south on said highway, with dazzling lights burning, contrary to the law, and that said truck was parked on the pavement, without just cause. (b) That the Imperial Oil Corporation's truck, headed north, was parked on the pavement, a short distance from the truck headed south, without rear lights being discernible, and that the parking of said trucks was merely for the convenience of the drivers and contrary to the law. (c) That said pavement, at this juncture, was only a two car wide pavement, and that the passing between said trucks, both trucks being parked on the pavement, was a difficult act, even in the daytime. (d) That said trucks were regulation extremely large oil trucks with trailers attached and very unwieldy and extremely dangerous vehicles on the highway, it being a fact that their width is such that one side of the pavement is completely taken up by said truck."

Appellant denied all the material allegations of negligence upon its part. Upon the trial it appeared the parties who were in the automobile got together and concluded to go north hunting, mutually sharing the expense. They left Flint late in the night. It was a bright moonlight night, vision was not obscured by any natural causes, plaintiff could see all right, and near the Cass river there was a detour. Plaintiff could see a truck of appellant coming south before it reached this detour. It made the detour and came back on the pavement, and the automobile in which plaintiff was riding was facing it. It passed this truck 45 or 50 feet and collided with the rear of the other truck of appellant which was headed north,

said to have been standing on the paved portion of the highway.

There is testimony the tail lights on the north-bound truck of appellant were not lighted, although the testimony shows they were lighted when the truck left Flint. The driver of the automobile in which plaintiff was riding says those lights of appellant's truck headed south blinded him, at least obscured his vision, so he did not see the north-bound truck until he was 5 or 10 feet from it, going 35 miles an hour, so he did not have time to avoid the collision which then and there occurred.

There was ample testimony to sustain the allegations of plaintiff's declaration above set forth. Appellant's counsel, at the conclusion of plaintiff's testimony, made a motion to direct a verdict in favor of the defendant. This motion was overruled. Appellant moved to direct a verdict of no cause of action at the conclusion of all of the testimony. This motion was overruled and the case submitted to the jury which rendered a verdict for $24,154.92. Appellant's counsel then moved for judgment notwithstanding the verdict, which motion was overruled. They then made a motion for a new trial, which motion was overruled, though the trial court directed plaintiff to remit $12,154.92 so the verdict and judgment would stand at $12,000, which was done.

Appellant assigns error upon the refusal of the trial court to direct a verdict for appellant at the close of plaintiff's testimony, and at the conclusion of all the testimony; in refusing to direct a judgment notwithstanding the verdict; and in overruling appellant's motion for a new trial. Appellant contends that under the undisputed proof plaintiff was guilty of contributory negligence. There are other assignments of error upon the admissibility of testimony,

and error is assigned upon the arguments of counsel for plaintiff.

There is ample proof of defendant's negligence and just as ample proof of the contributory negligence of the driver of the automobile in which plaintiff was riding. This negligence is set forth in plaintiff's declaration and sustained by the proof. The negligence of the driver of the automobile in which plaintiff was riding is imputable to him. This disposes of the case and renders a consideration of the other assignments of error unnecessary. A new trial cannot change the facts.

Judgment reversed, with costs. Cause remanded with instructions to enter a verdict for appellant.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred.